## Ex Parte Bird.

### Petition for a writ of Habeas Corpus.

No. 9.—Decided May 1, 1903.

Contempt.—Order of Imprisonment.—An order of imprisonment for contempt of court in addition to the signature of the judge who delivered the sentence, must set forth the act or acts constituting the contempt, the time and place of the commission thereof and the attending circumstances and also the specification of the sentence, without which requirements it is void and without effect.

Commitment.—Defects.—The nullity of a commitment is produced when it is defective in some matter of substance required by law.

### STATEMENT OF THE CASE.

The petitioner Hobart S. Bird, was owner and manager of the newspaper known as ."The San Juan News", which was published in San Juan, and in consequence of an item which appeared in one of the issues of said paper during the month of April 1903, he was prosecuted for contempt of court, and after duly appearing, was sentenced to imprisonment for a term of five days and to pay a fine of twenty dollars, the following warrant for his imprisonment having been issued:

*The People of Porto Rico* versus *Hobart S. Bird*, for contempt of court.—By order of the District Court, the warden of the jail of the district of San Juan shall detain under his custody the accused Hobart S. Bird, sentenced for contempt of court to the penalty of imprisonment for five days and a fine of twenty dollars, with an additional day of imprisonment for every dollar of the fine which remains unpaid, said penalty to take effect from this day.—San Juan, Porto Rico, April 28, 1903.—Luis Mendez Vaz, Secretary.—There is a seal of the District Court of San Juan.

*Mr. Hord,* for the petitioner.
*Mr. del Toro,* Fiscal, for the People.

### Opinion of the Court.

According to section 3 of "An Act Defining the Offense of Contempt of Court and Providing for the Punishment Thereof", approved March 1, 1902, besides containing the signature of the judge who delivered the sentence, the order

signarse el acto ó actos constitutivos de desacato, la fecha y lugar de su comisión y circunstancias de la misma, con especificación de la sentencia.

*Considerando:* que la falta de esos requisitos, como sucede en el presente caso, hace que la sentencia sea enteramente nula y sin efecto.

*Considerando:* que según el número 3 del artículo 483 del Código de Enjuiciamiento Criminal, se produce también la nulidad del mandamiento cuando éste es defectuoso en algún requisito fundamental de los que la ley exige:

*Se declara nula* y sin efecto la sentencia que en 27 de Abril último dictó la Corte de Distrito de San Juan, condenando á Mr. Hobart S. Bird por el delito de desacato; se declara igualmente nulo el mandamiento de arresto; y en su consecuencia, se decreta la excarcelación inmediata de dicho Hobart S. Bird, sin fianza de ningún género, y queda cancelada la prestada en 28 de Abril último para estar en libertad hasta la resolución de la petición de Habeas Corpus, y notifíquese.

Jueces concurrentes: Presidente Quiñones y Asociados, Hernandez, Figueras, Sulzbacher y MacLeary.

---

EL PUEBLO *v.* RAMOS.

APELACIÓN procedente de la Corte de Distrito de Arecibo.

No. 7.—Resuelto en Mayo 1, 1903.

TRASLADO DE CAUSAS.—APELACIÓN.—Las resoluciones dictadas por las Cortes de Distrito negando el traslado de causas criminales á otro Tribunal, no son apelables para ante el Tribunal Supremo de Puerto Rico.

ID.—RECURSO CUANDO SE DENIEGUE UN TRASLADO DE CAUSAS.—PLIEGO DE EXCEPCIONES.—En los casos en que una moción solicitando el traslado de una causa fuere denegada, los acusados tienen el recurso de tomar excepción á la decisión del Tribunal, y esa excepción debe consignarse después en un pliego de excepciones, formulado y firmado una vez dictada la sentencia, en el caso de que la misma fuere condenatoria y de ella se deseare apelar.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Ramos, (Juan R.)*

or warrant for imprisonment must set forth the acts constituting the contempt, the time and place of the commission and the circumstances thereof, and a specification of the sentence.

The absence of these requirements, as happens in the present case, renders the sentence absolutely void and without effect.

According to paragraph 3 of article 483 of the Code of Criminal Procedure, the nullity of the commitment is produced when it is defective in some matter of substance required by law.

The judgment delivered by the District Court of San Juan, sentencing Hobart S. Bird for the offense of contempt of court is *declared null and void,* as also the commitment for his imprisonment, and accordingly it is ordered that said Hobart S. Bird be immediately discharged without bail, and the bail bond given on the 28th of April last, in order to secure his liberty until the disposition of the petition for habeas corpus is hereby canceled. Notice hereof will be given.

Messrs. Chief Justice Quiñones, and Associate Justices Hernández, Figueras, Sulzbacher and MacLeary, concurring.

---

## THE PEOPLE *v.* RAMOS.

### APPEAL from the District Court of Arecibo.

No. 7.—Decided May 1, 1903.

APPEALS.—CHANGE OF VENUE.—An appeal taken before final judgment from a decision refusing to grant a change of venue will not be considered.

REFUSING TO GRANT CHANGE OF VENUE.—REMEDY.—BILL OF EXCEPTIONS.— The proper remedy when a motion for a change of venue is denied is to enter an exception to the ruling of the court, to be embodied in a bill of exceptions, settled and signed after judgment of conviction, if an appeal is desired.

The facts are stated in the opinion.

*Mr. Ramos ( Juan R.),* for appellant.